**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON WILLIAMS<br>1715 Boas St.<br>Harrisburg, PA 17103 : | CIVIL ACTION |
| : | |
|         Plaintiff, : | CASE NO.: |
|   v. : | |
| : | |
| METROPOLITAN MANAGEMENT<br>GROUP, INC : | **JURY TRIAL DEMANDED** |
| 2001 State Hill Rd., Suite 205 : | |
| Wyomissing, PA 19601 : | |
| : | |
|         Defendant. : | |
| : | |

<u>**CIVIL ACTION COMPLAINT**</u>

Brandon Williams (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

<u>**INTRODUCTION**</u>

1.      This action has been initiated by Plaintiff against Metropolitan Management Group, Inc. (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Family and Medical Leave Act ("FMLA – 29 U.S.C. §2601 *et seq.*), Pennsylvania common law, and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA and FMLA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit under the ADA within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a real estate investment and property management firm with their headquarters located at the address as set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about October 6, 2021, as a Maintenance Supervisor and held that position until on or about October 12, 2022, when Plaintiff was promoted to the position of Area Maintenance Supervisor.

12. At all times relevant herein, Plaintiff was directly supervised by Regional Manager, Angel Gordon (hereinafter "Gordon").

13. Plaintiff was also indirectly supervised by and/or reported to Regional Manager, Misty Jones (hereinafter "Jones"); and Vice President, Justin Houck (hereinafter "Houck").

14. In or about November of 2023, Plaintiff began to suffer from a disability related to his shoulder after sustaining an injury (torn left rotator cuff) to the same while performing work for Defendant.

15. Plaintiff notified Defendant of his aforesaid injury by communicating with Defendant's HR, Gordon, and filing a workers' compensation claim through Defendant.

16. As a result of his aforesaid disability/injury, Plaintiff became limited in his ability to perform some daily life activities, including but not limited to sleeping, mobility, and performing manual tasks.

17.    Due to his foregoing disability and limitations, Plaintiff began to attend doctor appointments and physical therapy ("PT"), which required him to miss intermittent time from work, and he also requested light duty/sedentary work.

18.    Defendant's workers' compensation insurance carrier closed Plaintiff's aforesaid claim shortly after it was opened (approximately 4-6 weeks) and thus, Plaintiff stopped attending treatment/therapy for his shoulder injury.

19.    Over the next few months, Plaintiff's shoulder continued to hurt, and while Plaintiff tried to work through the pain in his shoulder, he realized in or about November of 2024 that he needed additional medical treatment.

20.    Plaintiff informed Jones and Houck of his continuing shoulder pain (discussed *supra*) and his intention to seek medical treatment for the same.

21.    In or about November of 2024, Plaintiff attempted to reopen or refile his workers' compensation claim, as his physician instructed Plaintiff that he needed to attend PT.

22.    Plaintiff had his doctor fill out the required paperwork and was working with a representative from Defendant's workers' compensation insurance company.

23.    However, Plaintiff was not given any direct answers about the status of his claim by Defendant's workers' compensation insurance company nor by Defendant's HR.

24.    Instead, Plaintiff was questioned as to whether his injury was fake and never given clear answers from Defendant.

25.    Due to the lack of response from Defendant and its workers' compensation insurance company, Plaintiff had issues and delays scheduling treatment, including but not limited to PT.

4

26.    Between November of 2024 and March of 2025, Plaintiff continued to try to treat his injuries and was placed on restricted duty (as a reasonable accommodation under the ADA) by his physician.

27.    As a result of his limitations, Plaintiff requested accommodations associated with his restrictions, including intermittent time off to care for and treat his disability (such as when he suffered from symptoms associated with his disability and/or to attend medical appointments).

28.    Unfortunately, Plaintiff's pain did not subside, and his doctor informed him that he would require surgery.

29.    After being informed that he would need surgery, Plaintiff notified Defendant's management – including HR and Houck – of the same on or about March 14, 2025.

30.    Plaintiff specifically notified Defendant that his shoulder surgery was scheduled for May 9, 2025 (and thus would need medical leave associated with the same).

31.    However, on or about March 28, 2025, two weeks after notifying HR and Houck that he would need to undergo surgery related to his disability,  Plaintiff was informed by Jones and Defendant's new Regional Maintenance Manager, Chad (last name unknown – hereinafter "Chad"), that his employment with Defendant was terminated.

32.    The only reason given to Plaintiff at the time of his termination, was that Defendant was "going in a different direction."

33.    Defendant later claimed that Plaintiff was terminated for performance; however, Plaintiff did not receive any written discipline regarding his performance in advance of his termination.

34.    Based on the foregoing, Plaintiff believes that he was terminated from his employment with Defendant in violation of state and federal law.

5

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**& [3] Failure to Accommodate)**

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Plaintiff suffers from qualifying health conditions under the ADA which affects his ability (at times) to perform some daily life activities.

37.    Plaintiff kept Defendant's management and HR informed of his disability and need for medical accommodations.

38.    Shortly after notifying Defendant's management that he was going to undergo surgery on May 9, 2025 (and thus would need medical leave related to the same), Plaintiff was abruptly terminated from his employment with Defendant.

39.    Plaintiff believes and therefore avers that his actual, perceived, and/or record of disability was a motivating and/or determinative factor in the termination of his employment with Defendant.

40.    Plaintiff also believes and avers that he was terminated in retaliation for engaging in protected activity under the ADA (*i.e.* requesting reasonable medical accommodations).

41.    Lastly, Plaintiff believes that Defendant failed to accommodate his disability by terminating him six weeks before undergoing surgery in order to avoid having to accommodate him in the future.

42.    These actions as aforesaid constitute violations of the ADA.

6

## Count III
## <u>Violations of The Family and Medical Leave Act ("FMLA")</u>
## (Retaliation & Interference)

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

45.     Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

46.     Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

47.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees at Plaintiff's location of work and within a seventy-five (75) mile radius surrounding such location, for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

48.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

49.     Defendants committed interference and retaliation violations of the FMLA by: (1) not informing Plaintiff of his right to apply for FMLA; (2) terminating Plaintiff's employment for requesting and/or utilizing FMLA protected leave; and/or (3) terminating Plaintiff to prevent him for utilizing FMLA.

50.     These actions as aforesaid constitute violations of the FMLA.

**Count III**
**Violations of Pennsylvania Common Law**
**(Wrongful Discharge)**

51.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.    Plaintiff did make a workers' compensation report and was trying to re-open his claim at the time of his termination.

53.    Plaintiff believes and therefore avers that he was terminated from his employment with Defendant in retaliation for making a workers' compensation report, seeking workers' compensation benefits, and/or filing workers' compensation claims for work-related injuries he sustained while performing work for Defendant. *See e.g. Shick v. Shirey*, 552 Pa. 590, 592 (Pa. Sup. Ct. 1998) (an employee terminated for initiating a workers' compensation claim states a tort-cause of action for common-law wrongful discharge in Pennsylvania).

54.    Defendant's actions as aforesaid constitute violations of this Commonwealth's common law protections.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: July 22, 2026

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Brandon Williams | : | CIVIL ACTION |
| v. | : | |
| Metropolitan Management Group, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| | | |
|---|---|---|
| 7/22/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction:  Defendants place of business

---

**RELATED CASE IF ANY:**  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?       Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same     Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                         Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WILLIAMS, BRANDON

**DEFENDANTS**

METROPOLITAN MANAGEMENT GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff  Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander  Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Product Liability | | ☐ 835 Patent – Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine  Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product  Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -  Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/  Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | mployment  **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other  ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PA Common Law and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  7/22/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____